FILED
2016 Feb-12 PM 04:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

**HEATHER MURRAY,** )
)
**PLAINTIFF,** )
)
**V.** ) **CIVIL ACTION NUMBER:**
)
**PMAB, LLC,** )
)
**DEFENDANT.** )

## PLAINTIFF'S COMPLAINT

1. This is an action brought by the Plaintiff, Heather Murray, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

4. The Defendant, PMAB, LLC ("PMAB"), is incorporated in North Carolina and was, in all respects and at all times relevant herein, doing business in the state of Alabama. The

Defendant is engaged in the business of collecting consumer debts from consumers residing in Jefferson County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

### *Background*

5. PMAB uses telephone communications in its business.

6. The principal purpose of PMAB's business is the collection of debts.

7. PMAB regularly collects or attempts to collect debts owed or due, or asserted to be owed or due another.

8. PMAB is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

9. In the course of attempting to collect a debt allegedly due from Plaintiff to a business not a party to this litigation, PMAB communicated with Plaintiff in a manner which violated the Fair Debt Collection Practices Act and Telephone Consumer Protection Act.

### *Collection activities after receiving notice of representation*

10. In or about September 2015, Plaintiff retained the undersigned counsel to represent her regarding a automobile collision.

11. PMAB had been contacting Plaintiff regarding an alleged unpaid medical account related to the automobile collision.

12. After Plaintiff retained counsel, she orally stated to PMAB collectors to contact her attorney regarding the account on more than one occasion.

13. PMAB continued to contact Plaintiff after this notice of representation.

14. On Tuesday, February 09, 2016, the undersigned counsel successfully faxed a written notice of representation to PMAB.

15. PMAB continued to contact Plaintiff after receiving this fax.

***Pre-recorded messages***

16. On more than one occasion, beginning in 2015, PMAB left recorded voice messages on the Plaintiff's cellular telephone voice mail box.

17. The telephone calls violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*

18. In placing the telephone call PMAB used an automatic telephone dialing system.

19. The phone message used an artificial or prerecorded voice.

20. The actions done were done willfully and knowingly.

21. The telephone call was made to a telephone number assigned to a cellular telephone service.

**COUNT ONE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

23. The Defendant has engaged in collection in numerous activities and practices in violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq*.

24. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory damages, costs, attorney fees, actual damages, and punitive damages.

**COUNT TWO**
**TELEPHONE CONSUMER PROTECTION ACT**

25. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

26. The acts of Defendant constitute violations of the Telephone Consumer Protection Act.

27. Defendant's violations of the TCPA include, but are not limited to, the following:

28. The placement of a telephone call (other than a cell made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, is in violation, in violation of 47 U.S.C. § 227b(1)(A)(iii).

29. As a result of the Defendant's actions, the Plaintiff is entitled to an award of statutory and trebled damages.

## COUNT THREE
## NEGLIGENCE

30. Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

31. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon Plaintiff.

32. Defendant knew or should have known that said conduct was improper.

33. Defendant negligently failed to prevent and/or participated in improper collection activities.

34. As a result of the Defendant's negligence, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## RECKLESSNESS AND WANTONNESS

35. The Plaintiff adopts the averments and allegations hereinbefore as if fully set forth herein.

36. Defendant knew or should have known the conduct set forth herein which was directed at and visited upon the Plaintiff.

37. Defendant knew or should have known that said conduct was improper.

38. Defendant recklessly and wantonly failed to prevent and/or participated in improper collection activities.

39. As a result of the Defendant's reckless and wanton conduct, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

**COUNT FIVE**
**NEGLIGENT TRAINING AND SUPERVISION**

40. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

41. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

42. The Defendant knew or should have known that said conduct was improper.

43. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

44. The Defendant negligently failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

45. As a result of the Defendant's negligence, the Plaintiff suffered physical injury, worry, anxiety, nervousness, and mental anguish.

**COUNT SIX**
**RECKLESS AND WANTON TRAINING AND SUPERVISION**

46. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

47. The Defendant knew or should have known the status of the alleged debts and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

48. The Defendant knew or should have known that said conduct was improper.

49. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper conduct.

50. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to consumer's accounts.

51. As a result of the Defendant's recklessly and wanton conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

**COUNT SEVEN**
**INVASION OF PRIVACY AGAINST THE DEFENDANT COLLECTORS**

52. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

53. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the FDCPA, when it stated as part of its findings: Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. § 1692(a) (emphasis added).

54. The Defendant undertook and/or directed communications to the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

55. Said invasions were intentional, willful, and malicious, and violated Plaintiff's privacy. Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of Defendant.

56. Said communications constitute the wrongful intrusion into their solitude and seclusion.

57. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

**COUNT EIGHT**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

58. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

59. The Plaintiff alleges that the Defendant's actions alleged were done willfully, maliciously, outrageously, deliberately, and purposely with the intention to inflict emotional distress upon the Plaintiff and/or were done in reckless disregard of the probability of causing the Plaintiff emotional distress, and these acts did in fact result in severe and extreme emotional distress.

60. As a result of the Defendant's conduct, the Plaintiff suffered physical damage, worry, anxiety, nervousness, and mental anguish.

**AMOUNT OF DAMAGES DEMANDED**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demand a judgment against the Defendants as follows:

A. Declaratory judgment that the Defendants' conduct violated the FCRA, FDCPA, and state law;

B. Statutory damages;

C. Compensatory, actual and punitive damages;

D. Costs and reasonable attorney's fees;

E. Such other and further relief that this Court deems necessary, just and proper.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

/s/ John C. Hubbard

JOHN C. HUBBARD (ASB-8252-H46H)
Attorney for Plaintiff

**OF COUNSEL:**
**JOHN C. HUBBARD, LLC**
PO Box 953
Birmingham, AL 35201
(205) 378-8121
jch@jchubbardlaw.com